# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

SHARON D. DOUGLAS,
                    Appellant,

                v.

DEPARTMENT OF THE TREASURY,
                    Agency.

DOCKET NUMBER
CH-0752-15-0330-I-1

DATE: March 1, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Melford V. McCormick</u>, Kansas City, Missouri, for the appellant.

<u>Bridgette M. Gibson</u>, Esquire, Dallas, Texas, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal as untimely filed without good cause shown for the delay.  Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2        In a May 29, 2014 decision letter, the agency informed the appellant that she would be removed from her position effective June 6, 2014.  Initial Appeal File (IAF), Tab 6 at 7.  The decision letter informed the appellant of her right to appeal the action to the Board and explained that, to be timely, any such appeal must be filed no later than 30 calendar days after the effective date of the action being appealed, or no later than 30 days after her receipt of the decision letter, whichever was later.  *Id.* at 7-8.  Before the effective date of her removal, on June 4, 2014, the appellant and the agency entered into a settlement agreement in which, among other things, the agency agreed to hold the appellant's removal action in abeyance, and the appellant agreed to voluntarily resign effective June 13, 2014.  *Id.* at 12-14.

¶3        According to the agency, on or about August 4 and August 12, 2014, the appellant contacted agency counsel regarding several documents she had faxed "purporting to be her appeal of the resignation action."  *Id.* at 2; *see id.* at 15.  In an August 13, 2014 letter, agency counsel advised the appellant that her office had received the appellant's facsimile but that it was unclear whether the appellant had also sent the documents to the Board.  *Id.* at 15.  The letter

explained that, to initiate a Board appeal, the appellant must file her appeal with the Board and that sending documents to the agency did not constitute the filing of a Board appeal. *Id.* The letter referred the appellant to the May 29, 2014 rescinded decision letter for instructions on how to file a Board appeal. *Id.*

¶4    On March 12, 2015, the appellant filed a Board appeal challenging the removal action and her resignation on the grounds that the agency gave her "incorrect and misleading information" and imposed on her "an [ultimatum] to be terminated or to go with a clean [Standard Form (SF)] 50." *Id.* at 3. The administrative judge issued an order on timeliness informing the appellant that her appeal appeared to be untimely filed by 242 days and ordering her to file evidence and argument showing either that her appeal was timely filed or that she had established good cause for missing the filing deadline. IAF, Tab 3. In response, the appellant conceded that her appeal was untimely filed but asserted that good cause existed for the delay. IAF, Tab 9 at 1-3. Specifically, she explained that she was in a "depressed, dazed and confused state of mind" after enduring the agency's harassing treatment and that, due to this state of mind, she filed her appeal with the "wrong office." *Id.* at 2, 7-8.

¶5    Without holding the requested hearing, the administrative judge issued an initial decision dismissing the appeal as untimely filed without good cause shown for the delay. IAF, Tab 14, Initial Decision (ID). The administrative judge found that the agency provided the appellant "straightforward and accurate" instructions regarding her Board appeal rights in the May 29, 2014 decision letter and that, in not following those instructions, the appellant failed to exercise due diligence or ordinary prudence under the circumstances. ID at 4-6. She also found that the appellant failed to prove that her medical condition prevented her from timely filing an appeal or a request for an extension. ID at 5-6.

¶6    The appellant has filed a timely petition for review of the initial decision, and the agency has responded in opposition to the petition for review. Petition for Review (PFR) File, Tabs 1, 3.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶7     Generally, an appeal must be filed with the Board no later than 30 calendar days after the effective date of the challenged action, or 30 calendar days after the date the appellant received the agency's decision, whichever is later.  5 C.F.R. § 1201.22(b).  An appeal that is not filed within the applicable time limit will be dismissed as untimely unless the appellant shows good cause for the delay. 5 C.F.R. § 1201.22(c).  To establish good cause for the untimely filing of an appeal, a party must show that she exercised due diligence or ordinary prudence under the particular circumstances of the case.  *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980).  To determine if an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and her showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune that similarly shows a causal relationship to her inability to timely file her petition.  *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).  The appellant bears the burden of proof as to timeliness, which she must establish by preponderant evidence.  5 C.F.R. § 1201.56(b)(2)(i)(B).

¶8     Here, it is undisputed that the appellant received notice of her Board appeal rights in the removal decision letter on May 29, 2014, and that she resigned effective June 13, 2014, pursuant to the settlement agreement resolving the removal action.  IAF, Tab 6 at 8-10, 12.  Thus, any Board appeal of the resignation must have been filed no later than July 15, 2014.  *See* 5 C.F.R. § 1201.22(b)(1).  The appellant, however, did not initiate her Board appeal until March 12, 2015—nearly 8 months past the filing deadline.  *See id.*; IAF, Tab 1.

Notwithstanding the appellant's pro se status,[2] a delay of nearly 8 months is significant.  *See, e.g.*, *Dow v. Department of Homeland Security*, 109 M.S.P.R. 633, ¶ 8 (2008) (stating that a pro se appellant's delay of more than 1 month is significant).

¶9     As the administrative judge correctly explained, the appellant received explicit and accurate instructions in the May 29, 2014 decision letter informing her of her Board appeal rights and explaining how to file a Board appeal.  ID at 4-6; IAF, Tab 6 at 7-9.  Further, upon receipt of the appellant's facsimile in August 2014, agency counsel informed the appellant in writing that sending documents to the agency did not constitute the filing of a Board appeal and referred her again to the May 29, 2014 decision letter for information on how to file a Board appeal.  ID at 5; IAF, Tab 6 at 15.  Notwithstanding the clear instructions she received in the decision letter and from agency counsel, the appellant asserts on review that her submission to agency counsel should be considered a "constructive filing" with the Board.  PFR File, Tab 1 at 4.

¶10     Generally, an appellant's failure to follow explicit filing instructions does not constitute good cause for any ensuing delay.  *Sanford v. Department of Defense*, 61 M.S.P.R. 207, 209 (1994).  Nonetheless, the Board has established an exception to this general rule.  Specifically, the Board has held that it will find good cause for an untimely filed appeal if an appellant files the appeal with the employing agency within the regulatory filing time limit and then files with the Board as soon as she learns of her mistake, and if the agency does not establish that any prejudice would result from a waiver.  *Daniel v. Department of the Treasury*, 61 M.S.P.R. 249, 251 (1994).  This exception does not apply here, however.  First, the appellant did not file with the agency prior to the end of the

---

[2] The appellant completed and signed the designation of representative form on January 23, 2015, IAF, Tab 1 at 5, but the representative did not file the appeal with the Board until March 12, 2015, *id.* at 1, 6.  The appellant has not provided any explanation for this delay.

30-day filing period; rather, she faxed the documents to agency counsel on August 4, 2014, nearly 3 weeks past the July 15, 2014 filing deadline.[3]  IAF, Tab 1.  Second, the appellant delayed an additional 7 months after receiving the agency's August 13, 2014 letter informing her that "sending documents to [the agency] does not constitute the filing of an MSPB appeal" and referring her to the filing instructions in the May 29, 2014 decision letter.  *Id.*; IAF, Tab 6 at 15.  Thus, the appellant's submission to agency counsel in August 2014 provides no basis to find good cause for her untimely filing.

¶11      The appellant also appears to argue on review that the Board should find good cause for her untimely filing because she was in a "dazed and depressed state" and remains under the care of a physician.  PFR File, Tab 1 at 4.  As stated by the administrative judge in her timeliness order, to establish that an untimely filing was the result of an illness, an appellant must:  (1) identify the time period during which she suffered from the illness; (2) submit medical evidence showing that she suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her appeal or a request for an extension of time.   IAF, Tab 3 at 3-4; *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).  Here, the appellant's response to the administrative judge's timeliness order contained only bare unsworn assertions that she suffered from depression and confusion after her separation, IAF, Tab 9 at 2, 8-9, along with similarly bare and unsworn assertions of depression-like symptoms in declarations from an acquaintance and three family members, *id*. at 4-7.   In response to a show cause order concerning jurisdiction, the appellant provided, among other things, four medical documents dated from February 2012 through July 2013, several of which generally mentioned the appellant's anxiety and

---

[3] The record does not contain a copy of the appellant's August 2014 facsimile or any evidence as to the date she sent it or its contents.  As such, we have relied on the agency's representation that agency counsel received the facsimile on August 4, 2014, which the appellant has not disputed.  IAF, Tab 6 at 2, 15.

workplace stress, and a 2013 request for an evening shift as a reasonable accommodation.  IAF, Tab 11 at 4-12.  The appellant's submissions, however, failed to identify the time period of her illness and failed to provide a substantive explanation of how her illness prevented her from timely filing her appeal or a request for an extension.  ID at 5.  Moreover, none of the medical evidence is contemporaneous with the appeal period; rather, the most recent medical document, dated July 25, 2013, predates the appeal period by nearly a year.  IAF, Tab 11 at 4.  Accordingly, as the administrative judge correctly determined, the appellant failed to meet her burden of proving that her untimely filing was the result of illness.  ID at 5.

¶12    In light of the above, we agree with the administrative judge's finding that the appellant failed to show that she exercised ordinary prudence or due diligence under the circumstances, and discern no basis to disturb the initial decision.  ID at 5-6; *see Nunn v. Department of Justice*, 79 M.S.P.R. 368, ¶ 5 (1998) (determining that the pro se appellant's failure to follow the straightforward instructions in the initial decision and failure to file his petition for review in accordance with those unambiguous instructions constituted a failure to exercise due diligence or ordinary prudence).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27,

2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD: _____

William D. Spencer
Clerk of the Board

Washington, D.C.